IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08-cv-01782-MSK-KMT

FEKADU ALEMU CHANI,

    Plaintiff,

v.

AMPCO SYSTEM PARKING, INC., d/b/a AMPCO AIRPARK, a California corporation authorized to do business in the State of Colorado,
HIRUT YIGLETU, in her individual and official capacity,
The INTERNATIONAL UNION OF THE UNITED MINE WORKERS OF AMERICA AFL-CIO, and
UNITED MINE WORKERS OF AMERICA AFL-CIO, LOCAL UNION 8431,

    Defendants.

## ORDER

This matter is before the court on Plaintiff's "Motion for Leave to File Second Amended Compliant and Unopposed Request for Status Conference" (Doc. No. 27, filed April 3, 2009).

Plaintiff states he wishes to amend his complaint to "add additional factual matters to this case that were not included in his first two charges of discrimination filed with the Equal Employment Opportunity Commission." (Mot at 1–2.) Plaintiff further states he has prepared a draft of the second amended complaint, but he did not submit the proposed second amended complaint with his motion to amend. (*Id.* at 2.)

The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires. Fed. R. Civ. P. 15(a). Although the federal rules permit and require liberal construction and amendment of pleadings, the rules do not grant the parties unlimited rights of amendment. A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

When seeking leave of the court to amend a complaint, the motion to amend must detail the proposed amendments and the reasons why such amendments are necessary. In addition, the plaintiff must attach the proposed amended complaint to the motion. The proposed amended complaint must stand alone; it must contain <u>all</u> of the plaintiff's claims. Here, the plaintiff does not attach a proposed amended complaint to his motion. As a result, it is impossible to determine if the proposed amendment is permissible. In addition, the court notes the deadline for joining parties and amending pleadings was February 2, 2009. (*See* Doc. No. 23 at 12.)

To the extent the parties wish to amend the Scheduling Order, the parties shall submit a separate motion to amend including the reasons for the extensions requested and the proposed new deadlines.

Accordingly, it is

ORDERED that Plaintiff's motion (Doc. No. 27) is DENIED.

Dated this 6th day of April, 2009.

                                                  **BY THE COURT:**

                                                  Kathleen M. Tafoya
                                                  United States Magistrate Judge