IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08–cv–01782–MSK–KMT

FEKADU ALEMU CHANI,

    Plaintiff,

v.

AMPCO SYSTEM PARKING, INC., d/b/a AMPCO AIRPARK, a California corporation authorized to do business in the State of Colorado,
HIRUT YIGLETU, in her individual and official capacity,
The INTERNATIONAL UNION OF THE UNITED MINE WORKERS OF AMERICA AFL-CIO, and
UNITED MINE WORKERS OF AMERICA AFL-CIO, LOCAL UNION 8431,

    Defendants.

## ORDER

This matter is before the court on Plaintiff's "Motion for Leave to File Second-Amended Complaint" ([Doc. No. 42] [hereinafter "Mot."] [filed June 4, 2009]). Defendants Ampco System Parking and Hirut Yigletu (collectively herein "Employer Defendants") filed their Response on June 12, 2009. ([Doc. No. 46] [hereinafter "Employer Defs.' Resp."]). Defendant United Mine Workers International Union and Defendant Local 8431 (collectively herein "Union Defendants") filed their Response on June 12, 2009. ([Doc. No. 47] [hereinafter "Union Defs.' Resp."]). Plaintiff filed its Reply on June 15, 2009. ([Doc. No. 65] [hereinafter "Reply"]). This matter is ripe for review.

## STATEMENT OF THE CASE

Plaintiff "seeks to add one new claim of libel *per se*, and to add new evidence to support claims already . . . in the first-amended complaint." (Reply at 1.) Plaintiff's counsel explains that he did not bring the libel *per se* claim until now because of "uncertainty as to whether the evidence fulfilled that claim's elements." (Mot. at 3.) Plaintiff's counsel states that this uncertainty was resolved by his client's deposition testimony, the date of which is not provided, and now seeks the court's leave to bring it. (*Id.*) As to the new evidence supporting existing claims, Plaintiff states that "two new factual issues" were brought to light by a provision in the 2008 Collective Bargaining Agreement (hereinafter "2008 CBA"). (*Id.*) Plaintiff states that he "did not receive a copy of the 2008 CBA until it was disclosed by Defendants on or about December 16, 2008." (*Id.*) Plaintiff states that he "did not notice this new provision until it was brought to his attention by [his client] Mr. Chani in mid-March 2009." (*Id.*) Defendants argue that the motion should be denied because it was filed out of time and because Plaintiff's counsel should have known of the facts upon which the proposed amendments are based. (Resp. at 2–3.)

Plaintiff filed its original complaint on August 20, 2008. (Doc. No. 1.) Plaintiff filed the First Amended Complaint on November 18, 2008. (Doc. No. 15.) On December 17, 2008, this court issued a Scheduling Order setting the deadline for amendment of pleadings on February 2, 2009. (Doc. No. 23.) Plaintiff filed the present motion on June 4, 2009. (Mot.)

## LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 15(a), the court is to freely allow amendment of the pleadings "when justice so requires." The grant or denial of an opportunity to amend is within the

discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). A motion to amend should be denied if a plaintiff has unduly delayed in seeking the amendment. *Wessel v. City of Albuquerque*, 299 F.3d 1186, 1197 (10th Cir. 2002). The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).

      A defendant is prejudiced by an untimely amendment if the amendment will alter the focus of the case at a date that is too late for the defendants to adequately prepare for trial. *Orr v. City of Albuquerque*, 417 F.3d 1144, 1153 (10th Cir. 2005) ("[A] plaintiff should not be prevented from pursuing a valid claim just because she did not set forth in the complaint a theory on which she could recover, provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits.") (citation omitted). Prejudice is most likely to be found "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter*, 451 F.3d at 1208.

## ANALYSIS

Defendants have not stated that they will suffer prejudice in any way should the proposed amendments be allowed. Defendants failed to state that the proposed amendments will either alter the focus of the case, or that they will hinder their preparation for trial. Indeed, a trial date has not yet been set and the Final Pretrial Conference is currently set for December 30, 2009. (Doc. No. 24.) It does not appear to the court, nor do Defendants allege, that the new claim or factual issues arise out of a subject matter different from what was set forth in either the original complaint or the first amended complaint. Moreover, Defendants fail to claim that either the new claim or facts raise significant new factual issues. Indeed, Defendants do not dispute Plaintiff's assertion that the libel *per se* claim involves evidence already before the parties. (Mot. at 2–3.) Finally, Defendants do not dispute Plaintiff's assertion that he sent a draft of the proposed second amended complaint and copies of documents forming the basis of the proposed amendments to the defendants shortly after those issues came to light on March 25, 2009. (*Id.*)

While there is case law supporting denials of leave to amend when the party filing the motion has no adequate explanation for the delay, I find the explanation provided by the Plaintiff in this case to be adequate.

Therefore, for the foregoing reasons, it is

ORDERED that Plaintiff's "Motion for Leave to File Second-Amended Complaint" (Doc. No. 42) is GRANTED. The Clerk of Court is directed to file the Second Amended Complaint, heretofore attached to the motion (Doc. No. 42-2).

Dated this 13th day of July, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge